IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **CYNTHIA POAKWA,** | * | |
| Aka: Cynthia Barbour | * | |
| Petitioner, | * | |
| v. | * | Criminal Case No.: RWT-7-141 |
|  | * | Civil Action No.: RWT-10-1217 |
| **UNITED STATES OF AMERICA,** | * | |
| Respondent. | * | |

## MEMORANDUM OPINION

Petitioner Cynthia Poakwa moved under 28 U.S.C. § 2255 to correct, vacate, or set aside her sentence. In her original motion, filed on May 14, 2010 ("original motion"), Poakwa contends that she was subjected to an improper prison facility, claiming that the prison did not provide adequate medical care. Mot. to Vacate at 5, ECF No. 62. In an amended motion filed on September 7, 2010 ("amended motion"), she contends that her sentence violated the Eighth Amendment, was a miscarriage of justice, was improperly based on race, and was calculated incorrectly under the sentencing guidelines. Am. Mot. to Vacate, ECF Nos. 73, 73-1. Because the original motion was brought under the wrong statute and because this Court lacks jurisdiction to hear a motion by Poakwa under 28 U.S.C. § 2241, the original motion will be dismissed. Because the amended motion fails to state a credible claim for relief under 28 U.S.C. § 2255, it will be denied.

## BACKGROUND

On October 9, 2008, Cynthia Poakwa, a.k.a. Cynthia Barbour, pled guilty to four counts of Aiding and Abetting the Filing of False Tax Returns in violation of 26 U.S.C. § 7206(2).

1

Guilty Plea, ECF Nos. 26-27; Guilty Plea Tr. at 4, ECF No. 52. On May 11, 2009, Poakwa was sentenced to thirty-three months of incarceration and one year of supervised release. ECF No. 40. Petitioner began serving her sentence on or about September 21, 2009. *See* ECF No. 54.[1] Petitioner appealed to the U.S. Court of Appeals for the Fourth Circuit, which affirmed on March 4, 2010. *United States v. Poakwa*, 368 Fed. Appx. 395, 395-97 (4th Cir. 2010), ECF No. 60.[2]

Petitioner's original motion asserts that the facility where she was incarcerated did not provide adequate medical care for a number of health issues, including hypertension, diabetes, detached retina, coronary artery disease, and peripheral neuropathy. Mot. to Vacate, ECF No. 62. On August 23, 2010, the Government filed a motion to dismiss or, alternatively, to transfer the case. Mot. to Dismiss, ECF No. 69. The government attached a number of exhibits to its motion and moved to seal two of the exhibits containing medical records for Petitioner. ECF Nos. 69-8, 69-9, 70-71. On September 7, 2010, Poakwa filed her amended motion, alleging that her sentence violated the Eighth Amendment, was a miscarriage of justice, was impermissibly based on her race, and was imposed under a faulty application of the sentencing guidelines. Am. Mot. to Vacate, ECF Nos. 73, 73-1. The government responded to this amended motion on September 19, 2013. Government Resp., ECF No. 87.

## ANALYSIS

Under 28 U.S.C. § 2255(a), a prisoner in custody may file a motion to vacate, set aside, or correct a sentence, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was

---

[1] The Federal Bureau of Prisons online database indicates that Petitioner was released from custody on February 10, 2012. Federal Bureau of Prisons, *Inmate Locator*, http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=cynthia&Middle=&LastName=poakwa&Race=U&Sex=U&Age=&x=0&y=0.

[2] This judgment took effect on March 26, 2010. ECF No. 61.

without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Pursuant to 28 U.S.C. § 2255(b), the Court may deny the motion without a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see, e.g.*, *Zelaya v. United States*, No. DKC 05-0393, 2013 WL 4495788, at *2 (D. Md. Aug. 20, 2013).

## I. Petitioner's Original Motion

The Government argues that this Court should dismiss Poakwa's original motion for a number of reasons, but primarily because her claims are inappropriate under § 2255, and even if this Court construed her claim as a 28 U.S.C. § 2241 habeas motion, it lacks jurisdiction to hear such a claim. Mot. to Dismiss at 4-5, ECF No. 69. For the reasons stated below, this argument is persuasive, and the claims made in Poakwa's original motion will be dismissed.

A prisoner may properly bring a 28 U.S.C. § 2255 motion when she challenges the imposition of a sentence. *See* 28 U.S.C. § 2255. In contrast, the execution of a sentence is properly raised under 28 U.S.C. § 2241. *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004); *United States v. Currey*, 835 F.2d 875 (4th Cir. 1987). For a federal district court to have proper jurisdiction over a § 2241 action, the petitioner's custodian must be within the court's jurisdiction. 28 U.S.C. § 2241(a) ("Writs of habeas corpus may be granted by … the district courts … within their respective jurisdictions."); *Little,* 392 F.3d at 680; *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008).

Poakwa's original motion complains about the lack of adequate medical facilities and care at her place of detention in Danbury, Connecticut. Mot. To Vacate, ECF No. 62. As such, it cannot properly be construed as a § 2255 motion challenging the imposition of her sentence. Even if this Court were to construe the original motion as a § 2241 motion challenging the

3

execution of her sentence, this Court lacks jurisdiction to hear the claim, as Petitioner was incarcerated in Connecticut, and this Court lacks jurisdiction over Petitioner's custodian there.

Because the Court concludes that it lacks jurisdiction, it is unnecessary to address the government's remaining arguments in its motion to dismiss the original motion.

## II. Petitioner's Amended Motion

The government argues that Poakwa's amended motion to vacate under 28 U.S.C. § 2255 also should be dismissed because it "was filed outside the one year limitation provided in § 2255," and thus should not be permitted under Federal Rule of Civil Procedure 15. Government Resp. at 1, ECF No. 87. However, the government is wrong. The statutory language of 28 U.S.C. § 2255 provides:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. The government argues that Poakwa's sentencing date provides the applicable measuring point for when Poakwa's judgment of conviction became "final" under prong (1) of the statutory provision included above. *See* Government Resp. at 3, ECF No. 87. The U.S. Supreme Court has held, however, that when a Petitioner appeals to the U.S. Court of Appeals, the Petitioner's judgment of conviction does not become "final" under prong (1) until the Petitioner's opportunity to file a petition for certiorari with the U.S. Supreme Court expires. *See*

4

*Clay v. United States*, 537 U.S. 522, 532 (2003). Because Poakwa filed an appeal to the Fourth Circuit, which was not decided until March, 2010, her amended motion of September 7, 2010, clearly falls within the one year window under § 2255. As a result, this Court will consider the substantive arguments raised in Poakwa's amended motion.

    A.  <u>Cruel and Unusual Punishment Under the Eighth Amendment</u>

According to Poakwa, her sentence violates her Eighth Amendment right against cruel and unusual punishment, citing the length of the sentence and the alleged lack of medical care at her detention facility. To the extent that this claim challenges the execution of her sentence and not the imposition of her sentence, it is dismissed for the reasons stated above. To the extent that Poakwa's claim challenges the length of her incarceration as cruel and unusual punishment under the Eighth Amendment, it also fails. This Court took into consideration Poakwa's medical issues at sentencing, Sentencing Tr. at 44, ECF No. 48, and her sentence was subsequently found to be "both procedurally and substantively reasonable" by the Fourth Circuit. *Poakwa*, 368 Fed. Appx. at 396-97, ECF No. 60-1. Poakwa argues that the sentence is "nearly [the] statutory maximum" and "is excessive, unreasonable, and unwarranted as a first-time, non-violent, unhealthy, elderly offender." Am. Mot. to Vacate at 2, ECF No. 73-1. Given that thirty-three months in prison for four counts of tax fraud is substantively reasonable, her argument that it is "cruel and unusual punishment" is fruitless. *See, e.g., United States v. Beverly*, 284 Fed. Appx. 36, 45 n.4 (4th Cir. 2008) (noting that the "Eighth Amendment's proportionality principle 'forbids only extreme sentences that are grossly disproportionate to the crime,'" and that because the court found the defendant's "sentence to be reasonable, we cannot find that such sentence constitutes cruel and unusual punishment") (quoting *Ewing v. California*, 538 U.S. 11, 24 (2003)).

B. <u>Miscarriage of Justice</u>

Poakwa alleges in her amended motion that she did not "knowingly and voluntarily" consent to the guilty plea that was entered before this Court on October 9, 2008. Am. Mot to Vacate at 3, ECF No. 73-1. The Fourth Circuit has already reviewed the voluntariness of Poakwa's guilty plea, concluding that this Court acted appropriately "in accepting Poakwa's guilty plea as knowing and voluntary." *Poakwa*, 368 Fed. Appx. at 396, ECF No. 60-1. The Fourth Circuit explained that "there is a strong presumption that a defendant's guilty plea is binding and voluntary if she has received an adequate Fed. R. Crim. P. 11 hearing." *Id*.

Poakwa's amended motion states that she "had limited understanding of the plea agreement." Am. Mot. to Vacate at 3, ECF No. 73-1. Nevertheless, the extensive Rule 11 colloquy between Poakwa and this Court and the affirmation of that colloquy by the Fourth Circuit require that this assertion be rejected as frivolous. *See* Sentencing Tr. at 6-31, ECF No. 52;[3] *Poakwa*, 368 Fed. Appx. at 396, ECF No. 60-1.

A number of other claims are cited under the heading "miscarriage of justice," but Poakwa fails to cite any authority or specific facts indicating another substantive claim under 28 U.S.C. § 2255 that must be addressed by this Court. Thus, all of her challenges under the "miscarriage of justice" heading must be denied.

---

[3] The Sentencing Transcript reveals a number of exchanges illustrating the thoroughness of the colloquy and the degree of Poakwa's understanding of the plea agreement:

> From page 7:
>     Court: "Do you believe you understand the terms of this letter?"
>     Poakwa: "Yes, Your Honor."
> From page 31:
>     Court: "Are you pleading guilty because you are in fact guilty?"
>     Poakwa: "Yes."
>     Court: "Is there anything about the proceedings today that you do not understand?"
>     Poakwa: "No, Your Honor."

Sentencing Tr. at 7, 31, ECF No. 52.

C. Sentence Based on Race

Poakwa asserts that her sentence was improperly imposed by this Court based on her race. Am. Mot. To Vacate at 5, ECF No. 73-1. However, she points to no evidence indicating that this Court used her race as a consideration at sentencing. In *United States v. Drake*, 318 Fed. Appx. 247 (4th Cir. 2009), the Fourth Circuit rejected the defendant's argument that his sentence was based on race even though the defendant asserted that "his Caucasian co-defendants received lighter sentences and [that] a study by the United States Sentencing Commission found that the career offender provision has a disparate impact on black males." *Drake*, 318 Fed. Appx. at 248. Here, Poakwa fails even to offer any evidence of this sort, and as the Fourth Circuit has already determined that her sentence was both procedurally and substantively reasonable, her claim fails. *See Poakwa*, 368 Fed. Appx. at 396-97, ECF No. 60-1; *Drake*, 318 Fed. Appx. at 248 (noting that the district court in that case imposed a sentence that was both procedurally and substantively reasonable).

D. Application of Sentencing Guidelines

Poakwa's final argument is that the sentencing guidelines were "incorrectly used" to calculate her sentence. Am. Mot. to Vacate at 11, ECF No. 73. This claim must be rejected because the Fourth Circuit has already examined this Court's use of the guidelines and found the sentence to be both procedurally and substantively reasonable. *Poakwa*, 368 Fed. Appx. at

396-97, ECF No. 60-1 ("The district court properly calculated the advisory guidelines range."). Thus, Poakwa's motion on this ground is denied.[4]

## CERTIFICATE OF APPEALABILITY

Poakwa may not appeal this Court's order denying her relief under 28 U.S.C. § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 Fed. Appx. 272, 273 (4th Cir. 2007). A certificate of appealability will only issue if Poakwa has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); *Hardy*, 227 Fed Appx. at 273. A petitioner "satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 Fed. Appx. 296, 297 (4th Cir. 2009).

Here, the Court has assessed Poakwa's medical care complaints, her Eighth Amendment allegations, her miscarriage of justice claim, her argument that her sentence was based on race, and her assertion that the sentencing guidelines were not properly used. Poakwa has failed to raise a cognizable § 2255 claim in which a reasonable jurist could find merit, and thus no certificate of appealability shall issue.

---

[4] See also *United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999), finding that:

> Barring extraordinary circumstances, however, an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding. Section 2255 provides relief for cases in which "the sentence was in excess of the maximum authorized by law." Thus, while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines.

*Pregent*, 190 F.3d at 283-84.

## CONCLUSION

For the foregoing reasons, Poakwa's original motion will be dismissed and her amended motion will be denied. No certificate of appealability shall issue. A separate Order follows.

Date: September 26, 2013

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE